# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GILBERT MUNIZ (aka Antonio Gilbert Muniz),<br><br>                    Plaintiff,<br>vs.<br>D. L. YOUNG, Warden, San Diego Metropolitan Correction Center, *et al.*<br><br>                    Defendants. | CASE NO. 14cv500-LAB (DHB)<br><br>**ORDER DENYING PETITION** |

Petitioner Anthony Gilbert Muniz filed a petition for writ of habas corpus pursuant to 28 U.S.C. § 2241. Muniz represented that he was being held in the San Diego Metropolitan Correction Center (MCC), because the U.S. Parole Commission had found him guilty, *in absentia*, of escape.

The Court has learned from the MCC staff attorney that Muniz is not being held at the MCC, but rather is at FCI El Reno, in Oklahoma. Venue is improper in this District, because he is not being held in custody here, and the conviction for which he is now in custody didn't occur here.[1] *See* § 2241(d). In addition, because he is no longer in the MCC, the petition names the wrong respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004)

---

[1] The record of decision Muniz attached to the petition shows that the Parole Commission, which made the determination that Muniz had escaped from the residential re-entry center, is located in Washington, D.C.

1  ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody
2  within the United States, he should name his warden as respondent and file the petition in
3  the district of confinement.")
4      The petition is therefore **DISMISSED WITHOUT PREJUDICE**, for improper venue and
5  failure to name a proper respondent.
6      **IT IS SO ORDERED**.
7  DATED: April 3, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge